# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                          **FILED**                    CR NO. 05-311M (JMF)

DAMANI J. WILLIAMS,              JUN 1 0 2005

Defendant.              NANCY MAYER WHITTINGTON, CLERK
                            U.S. DISTRICT COURT

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant

be detained pending trial. After a hearing, the government's motion was granted, and this

memorandum is submitted to comply with the statutory obligation that "the judicial officer

shall—include written findings of fact and a written statement of the reasons for the detention."

18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1.    On May 23, 2005 at approximately 7:05 pm, Officer Derrick Hyman, along with

      other officers of the Washington, D.C. Metropolitan Police Department, executed

      a search warrant at 26 Van Buren Street, N.W. in Washington, D.C.

2.    Upon speaking to the owner of the duplex, the police learned that the defendant

      lived in the basement, using the basement common area as his bedroom. The

      police also learned that another individual rented out a separate bedroom also

      located in the basement.

3.    Upon searching the basement common area, including a blue plastic trunk, the

police retrieved the following items: 1) a ziplock bag filled with approximately three ounces of cocaine, 2) two smaller ziplock bags containing approximately 2.5 grams of heroin, 3) a loaded Ruger 9 mm semi-automatic pistol, 4) eight rounds of .380 ammunition, 5) fifteen rounds of Lunger 9 mm ammunition, 6) two digital scales, 7) a ballistic body armor vest, 8) three bottles of manitol, a cutting agent, 9) a kitchen strainer and mixing bowl, 10) numerous empty ziplock bags, 11) and a .40 caliber rifle.

4.    From the basement, the police also seized mail matter bearing the defendant's name.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably

2

assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1.  The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.  The weight of the evidence;

3.  The history and characteristics of the person, including

    a.  His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b.  Past conduct, history relating to drug or alcohol abuse;

    c.  Criminal history;

    d.  Record concerning appearance at court proceedings;

    e.  Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.  The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged involves not only an

3

incredible quantity of narcotic drugs but also the paraphernalia needed to package and distribute those narcotics.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is a lifelong resident of the District of Columbia and is single. He has been unemployed for the past year and is currently receiving social security benefits.

**The weight of the evidence.** The weight of the evidence is overwhelming. Several witnesses confirmed that the defendant was renting out space in the basement of the address where the search warrant was executed and that the area in which the drugs and paraphernalia were retrieved was the area in which the defendant resided. In addition, the fact that the police seized large quantities of cocaine and heroin, two guns, an electric scale, other drug mixing and cutting tools, just to name a few items, suggest without a doubt that the defendant was involved in a a sophisticated drug packaging and distribution operation.

**History relating to drug or alcohol abuse.** There is no evidence as to this factor.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the current offense.** The defendant's record on this count is appalling, as is illustrated by the following chart.

| Date | Nature of Conviction | Sentence | Whether on probation or parole at the time |
|---|---|---|---|
| 4/15/93 | Attempted possession with the intent to distribute cocaine | Imposition of sentence suspended and 2 years probation | Probation expired successfully on 7/11/95 |

4

| 4/22/97 | Possession of a controlled dangerous substance possession of drug paraphernalia[1] | 1 year probation before judgment | Probation closed 4/23/98 |
|---------|---------|---------|---------|
| 10/7/99 | Possession of a controlled dangerous substance | 3 years, 2 years suspended and 2 years probation | Probation expired successfully on 11/25/01 |
| 11/5/99 | Carrying a concealed deadly weapon | 6 months (time served) | Defendant was on probation for the 10/7/99 charge at the time of this offense |
| 2/16/01 | Possession of cocaine | 90 days | Defendant was on probation for the 10/7/99 charge at the time of this offense |
| 4/9/01 | Possession of cocaine | 30 days | Defendant was on probation for the 10/7/99 charge at the time of this offense |
| 7/29/04 | Violation of an ex parte protective order | 90 days, 36 days suspended, 3 months and four days probation | No. |

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The defendant was running what appears to be a one man packaging and redistribution center for narcotic drugs. Specifically, the defendant was found to be in the possession of a large quantity of narcotic drugs, related drug paraphernalia, loaded handguns, an armored vest, as well as drug cutting agents and related straining and packaging utensils. In addition, because the defendant was previously convicted on seven separate occasions and

---

[1] Abbreviated as "PDP" on the Pretrial Services Agency Report.

5

because he proffered little to rebut the presumption of his dangerousness created by the Bail

Reform Act, I find by clear and convincing evidence that there are no conditions or combination

of conditions I could set which would reasonably assure the safety of the community. I will,

therefore, order the defendant detained without bond pending trial.


*John M. Facciola*

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

June 9, 2005

6